**WO**                                                                                      BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Bridgeman, | No. CV 05-0654-PHX-NVW (ECV) |
| Plaintiff, | **SHOW CAUSE ORDER** |
| vs. | |
| Joe Arpaio, et al., | |
| Defendants. | |

Plaintiff Keith Bridgeman, formally confined in the Maricopa County Estrella Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $250.00 filing fee, but has filed an Application to Proceed In Forma Pauperis. However, since filing the Complaint, Plaintiff appears to have been released.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner must pay the $250.00 filing fee when he files a civil action. If he is unable to pay the fee in full at that time, § 1915(b)(1) authorizes the Court to collect the fee in incremental payments from the inmate's prison trust account. In this instance, Plaintiff was incarcerated when the Complaint was filed, but has since been released. (Doc. #5). Consequently, the inmate trust account from which the statute directs the fee to be collected is no longer in existence.

The statute makes no other provision for collection of the fee. Therefore, Plaintiff must pay the filing fee in full or show good cause in writing why he is unable to do so. Accordingly, Plaintiff will be given 30 days from the date this Order is filed in which to pay

**JDDL**

the $250.00 fee or show good cause in writing why he is unable to do so. If Plaintiff chooses to show good cause, he must explain in writing under oath why he is unable to pay. See also 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement). If Plaintiff chooses to demonstrate good cause, he must describe his current financial condition in detail, including his sources of income, whether he is employed, and any liabilities he may have.

**B.     Warning of Possible Dismissal.**

Plaintiff is warned that failure to timely comply with every provision of this Order, or any order entered in this matter, will result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff shall have 30 days from the date this Order is entered to either pay the $250.00 filing fee or show good cause in writing why he is unable to do so;

(2) The Clerk of Court is directed to enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff if Plaintiff fails to pay the $250.00 filing fee or file a response to this order showing good cause why he is unable to pay the fee.

DATED this 29th day of September, 2005.

_____
Neil V. Wake
United States District Judge